NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUKHJINDERPAL SINGH, AKA Surinder Ghotra, AKA Sarvjinderpal Singh Multani,<br><br>            Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>            Respondent. | No. 10-71444<br><br>Agency No. A075-301-837<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2014[**]
San Francisco, California

Before: CALLAHAN and M. SMITH, Circuit Judges, and HELLERSTEIN, Senior
District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Alvin K. Hellerstein, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Sukhjinderpal Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of his asylum, withholding of removal, and United Nations Convention Against Torture (CAT) claims. We dismiss the petition for review in part and deny it in part.

To the extent that the BIA adopted and affirmed the IJ's decision and cited to *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), we review the decision of the IJ as the BIA's decision. *Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir. 2005) (en banc). To the extent that the BIA also provided its own analysis, we review the BIA's decision as well. *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010). We review the agency's factual findings, including adverse credibility determinations, for substantial evidence, and we uphold the findings unless the record compels a contrary result. 8 U.S.C. § 1252(b)(4)(B); *Monjaraz-Munoz v. INS*, 327 F.3d 892, 895 (9th Cir. 2003).

The pre-REAL ID Act standards for adverse credibility determinations govern Singh's petition. *See Rizk v. Holder*, 629 F.3d 1083, 1087 n.2. (9th Cir. 2011). "As long as one of the identified grounds underlying a negative credibility finding is supported by substantial evidence and goes to the heart of the claims of persecution, we are bound to accept the negative credibility finding." *Khadka v.*

*Holder*, 618 F.3d 996, 1000 (9th Cir. 2010); *see also Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir. 2003) ("[W]hether we have rejected some of the IJ's grounds for an adverse credibility finding is irrelevant.").

As a preliminary matter, we lack jurisdiction to review the agency's conclusion that Singh's asylum application is time-barred. *See* 8 U.S.C. § 1158(a)(3) (providing that "[n]o court shall have jurisdiction to review any determination [as to timeliness]"). While Congress has "restore[d] our jurisdiction over constitutional claims or questions of law," *Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam) (internal quotation marks omitted), Singh disputes the facts underlying the IJ's timeliness ruling. *See Rizk*, 629 F.3d at 1087 (explaining that "credibility determinations are findings of fact by the IJ"). We therefore dismiss Singh's petition for review of the denial of his asylum application.

Turning to the merits, substantial evidence supports the agency's adverse credibility determination. Singh adopted several different identities in connection with his applications, and the agency properly rejected his excuses for doing so. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003); *see also* 8 C.F.R. § 208.3(c)(2) ("The applicant's signature establishes a presumption that the applicant is aware of the contents of the application."). Further, Singh provided inconsistent

accounts regarding his alleged association with Sikh political organizations and his purported history of arrests and torture. These inconsistencies go to the heart of Singh's claim of persecution, and they deprive his testimony of the "requisite ring of truth." *Rizk*, 629 F.3d at 1088 (internal quotation marks omitted); *see also Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005) ("[W]hen inconsistencies that weaken a claim for asylum are accompanied by other indications of dishonesty . . . an adverse credibility determination may be supported by substantial evidence.").

The agency properly declined to rely on witness declarations that were inconsistent with Singh's testimony. In the absence of credible testimony, Singh's withholding of removal claim fails. *See Farah*, 348 F.3d at 1156. Similarly, the agency properly rejected Singh's CAT claim, because he fails to identify any record evidence that would compel a finding that it is more likely than not that he would be tortured if returned to India. *See Shrestha v. Holder*, 590 F.3d 1034, 1048–49 (9th Cir. 2010).

**PETITION DISMISSED IN PART AND DENIED IN PART.**